**Order filed February 6, 2014**



### In The

# Eleventh Court of Appeals

_____

## No. 11-12-00004-CV

_____

### MARCUS ROSENBERGER, Appellant

### V.

### HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. AND LITTON LOAN SERVICING, L.P., Appellees

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-126-011**

### O R D E R

On November 15, 2012, this court abated this appeal pursuant to TEX. R. APP. P. 8.2 after receiving notice that Appellee Homecomings Financial, LLC and its parent company, Residential Capital, LLC, had filed for bankruptcy protection. In November 2013, Homecomings sent this court a status report concerning the

bankruptcy, a motion to substitute parties, and a motion to reinstate the appeal. *See* TEX. R. APP. P. 7.1(b), 8.3. Homecomings asserts that reinstatement of the appeal is permitted by a July 2012 order of the bankruptcy court and that substitution of Ocwen Loan Servicing, LLC as an appellee in place of Homecomings is authorized by a November 2012 order of the bankruptcy court. Appellant, Marcus Rosenberger, has responded and requests that this court deny the relief sought by Homecomings.

With respect to reinstatement of this appeal, we do not agree with Homecomings that the bankruptcy court's July 2012 order permits us to reinstate the appeal. In the July 2012 order, the bankruptcy court granted limited relief from the automatic stay; it specifically lifted the stay as to claims relating to property, i.e., eviction and foreclosure, that was the subject of a loan. However, the bankruptcy court also specifically provided in its order that "the automatic stay shall remain in full force and effect" with respect to all claims "for monetary relief of any kind and of any nature against the Debtors." The appeal in this court involves monetary claims brought by Rosenberger against Homecomings and Litton Loan Servicing, L.P. Homecomings seems to argue that, because the trial court entered a take-nothing summary judgment against Rosenberger, we would not violate the stay if we were to affirm the summary judgment (thereby terminating all pending claims, whether permitted claims or stayed claims). Homecomings also suggests that this court could reinstate the appeal and either (1) limit our review to the foreclosure-related issues without addressing the monetary issues or the costs on appeal or (2) address all of the issues and remand the cause to the trial court with instructions on how to proceed in light of the bankruptcy.

We do not believe that the bankruptcy court's July 2012 order permits this court to proceed with this appeal because monetary claims against Homecomings are involved in the appeal and because the bankruptcy court has not ordered the

stay lifted with respect to those claims or with respect to this specific appeal. Until further order of the bankruptcy court, the automatic stay under 11 U.S.C. § 362(a) serves as an absolute bar to the continuation of this appeal against the debtor. *See Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987); *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310 (11th Cir. 1983).

With respect to the motion to substitute parties, we agree with Homecomings that, in the November 2012 order, the bankruptcy court approved the sale of Residential's assets to Ocwen—free and clear of claims and liens. Homecomings asserts that Ocwen is currently the loan servicer for Rosenberger's loan. However, because Rosenberger brought various causes of action in which he sought monetary relief from Homecomings, we will not permit Homecomings to be dropped as an appellee but will, instead, add Ocwen as an additional appellee.

The motion to substitute parties is granted in part, and Ocwen Loan Servicing, LLC is added as an additional appellee in this case. The motion to reinstate appeal is denied at this time, but the parties are requested to inform this court of the resolution of the bankruptcy proceeding or any other event that would allow this appeal to be reinstated. *See* TEX. R. APP. P. 8.3.

This appeal is abated.

PER CURIAM

February 6, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3